**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELSA CHAVEZ,

        Plaintiff-Appellant,

v.

JPMORGAN CHASE & CO.; DOES, 1
through 100, Inclusive,

        Defendants-Appellees.

No.   16-55957

D.C. No.
2:15-cv-02328-DDP-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted February 14, 2018
Pasadena, California

Before: BERZON and BYBEE, Circuit Judges, and WOODCOCK,[**] District
Judge.

     Elsa Chavez sued her former employer JPMorgan Chase Bank ("JPMC") in

California state court, asserting claims under the California Fair Employment and

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable John A. Woodcock, Jr., United States District Judge
for the district of Maine, sitting by designation.

Housing Act ("FEHA"), the California Family Rights Act ("CFRA"), California Labor Code § 226, and California common law. JPMC removed to federal court, where it won summary judgment on all claims. In an accompanying opinion, we conclude that we have subject matter jurisdiction to hear this appeal. Here, we review the merits of the district court's summary judgment decision, and affirm with respect to all claims, except the CFRA interference claim and § 226 claim.

1. We review the district court's grant of summary judgment de novo. *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 685 (9th Cir. 2017). To begin with, summary judgment was appropriate on Chavez's claim for disability discrimination under FEHA. A plaintiff claiming discrimination under FEHA bears the initial burden of establishing a prima facie case. *Sandell v. Taylor-Listug, Inc.*, 115 Cal. Rptr. 3d 453, 462 (Cal. Ct. App. 2010). Upon establishing a prima facie case, a presumption of discrimination arises, and the burden shifts to the defendant to rebut that presumption by producing evidence that its action was taken for a legitimate, nondiscriminatory reason. *Id.* If the defendant sustains this burden, the presumption of discrimination disappears, and the plaintiff must then demonstrate that the defendant's proffered reason is pretextual. *Id.*

In this case, we need not decide whether Chavez has established a prima facie case because it is clear that her claim fails by the final stage of the burden-

shifting framework. JPMC presented extensive evidence that it terminated Chavez for failing to meet its minimum performance standards. In response, Chavez alleges only that she told her supervisor that she felt stressed, experienced numbness and headaches, and saw a doctor on one occasion. This is insufficient to carry her ultimate burden of showing that JPMC's stated reason for terminating her was pretext for disability discrimination. *See Soria v. Univision Radio L.A., Inc.*, 210 Cal. Rptr. 3d 59, 78 (Cal. Ct. App. 2016); *Brundage v. Hahn*, 66 Cal. Rptr. 2d 830, 836–37 (Cal. Ct. App. 1997).

2.      Summary judgment was likewise appropriate on Chavez's claim for age discrimination under FEHA. The same burden-shifting framework set forth above applies to this claim as well, *see Dinslage v. City & County of San Francisco*, 209 Cal. Rptr. 3d 809, 817 (Cal. Ct. App. 2016), and once again, Chavez's claim fails by the final stage. Chavez alleges that she was replaced by a younger employee and that a branch manager told her "you should be retired by now" and called her "Tia." But there is no evidence that Chavez's successor was in fact substantially younger than her,[1] and the alleged remarks from the branch manager do not raise a triable issue of fact in light of JPMC's evidence of

---

[1] At most, a branch manager testified to her belief that Chavez was "in her late 40s, early 50s," while Chavez's successor was in her "[l]ate 40s."

Chavez's consistently poor performance. Similarly, Chavez's testimony that her supervisor told her that a district manager told him that she was passed over for another position in favor of someone younger is—even if admissible—insufficient to raise a triable issue of fact. As such, Chavez cannot show that JPMC's reason for terminating her was pretext for age discrimination.

3.      Chavez's claim for wrongful termination under California common law is derivative of her FEHA claims and fails for the same reasons. *See Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1150 (9th Cir. 2017).

4.      Chavez appears to assert both retaliation and interference claims under the CFRA. Chavez's CFRA retaliation claim is subject to the same burden-shifting framework as her FEHA discrimination claims and likewise fails because she cannot show that JPMC's reason for terminating her was pretextual. *See Bareno v. San Diego Cmty. Coll. Dist.*, 212 Cal. Rptr. 3d 682, 692 (Cal. Ct. App. 2017).

Chavez has, however, raised a genuine dispute of material fact on her CFRA interference claim. Unlike a retaliation claim, "[a]n interference claim under CFRA does not invoke the burden shifting analysis." *Moore v. Regents of the Univ. of California*, 206 Cal. Rptr. 3d 841, 869 (Cal. Ct. App. 2016). The elements of a such a claim are (1) "the employee's entitlement to CFRA leave rights" and (2) "the employer's interference with or denial of those rights." *Id.* The employee

4

need not expressly assert her rights under the CFRA, or even mention the CFRA, but need only provide notice sufficient to make her employer aware that she needs CFRA-qualifying leave. Cal. Code Regs. tit. 2, § 11091. Chavez testified that she told her supervisor she was experiencing numbness and a lot of headaches; informed him that she needed to see a doctor for these reasons; and complained that she was not able to take a vacation. She has raised a triable issue of fact as to whether she provided notice sufficient to make JPMC aware that she needed CFRA-qualifying leave. *See Bareno*, 212 Cal. Rptr. 3d at 698; *Soria*, 210 Cal. Rptr. 3d at 87; *Moore*, 206 Cal. Rptr. 3d at 869.

5. So too, Chavez has raised a genuine dispute of material fact with respect to her claim under California Labor Code § 226(c). Section 226(c) grants current and former employees the right to inspect or copy their employment records upon request. An employer who receives such a request must comply "as soon as practicable, but no later than 21 calendar days from the date of the request." Cal. Labor Code § 226(c). If the employer fails to do so, the employee is entitled to $750 in statutory damages. *Id.* § 226(f).

Chavez's counsel sent JPMC a letter by certified mail requesting Chavez's employment records. JPMC does not dispute that it never responded to the letter; rather, it argues the letter was improperly addressed or not received. Under

5

California law, "[a] letter correctly addressed and properly mailed is presumed to have been received in the ordinary course of mail." Cal. Evid. Code § 641. JPMC offers no evidence to support its assertion that the letter was improperly addressed, and assuming the letter was properly addressed, JPMC has not rebutted the presumption it was received. There thus remains a triable issue of fact on this claim.

JPMC also argues that Chavez must establish that it knowingly and intentionally disregarded her request for employment records. This is incorrect. Section 226(e) provides a statutory penalty for an employer's "knowing and intentional failure . . . to comply with *subdivision (a)*" of the statute, which is not at issue here. Cal. Labor Code § 226(e) (emphasis added). By contrast, § 226(f) provides the statutory penalty for a violation of subdivision (c)—the relevant subdivision here—and includes no "knowing and intentional" requirement. Accordingly, Chavez need not establish that JPMC knowingly and intentionally disregarded her request.

In sum, we **AFFIRM** summary judgment on Chavez's FEHA claims, wrongful termination claim, and CFRA retaliation claim; we **REVERSE** on Chavez's CFRA interference claim and California Labor Code § 226 claim; and we **REMAND** to the district court for further proceedings.